UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LARRY OSBORNE ET AL**                                  **CIVIL ACTION**

**VERSUS**                                                          **NO. 23-3424**

**STATE FARM FIRE &**                                    **SECTION "B"(5)**
**CASUALTY COMPANY**

## ORDER AND REASONS

Before the Court is plaintiffs' Larry Osborne, Kristie Osborne, and LAP Services, LLC's unopposed motion to transfer venue to the Middle District of Louisiana ("**MDLA**") (Rec. Doc. 14). For the following reasons,

**IT IS ORDERED** that plaintiffs' motion to transfer venue (Rec. Doc. 14) is **GRANTED**, but not effective until resolution of the show cause order infra.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs allege their property located at 33635 Boudreaux Street, White Castle, Louisiana was insured by the defendant, and their policy was in full force and effect when their property was damaged on August 29, 2021, from Hurricane Ida. Rec. Doc. 1 at 2 ¶ 3. Following a dispute in damages claimed, plaintiffs filed this 28 U.S.C. § 1332 diversity jurisdiction claim, on August 15, 2023, against the defendant for breach of contract and good faith duty. *See* Rec. Doc. 1. Plaintiffs claim to have supplied satisfactory proof of property damage amounting to $130,377.44, but, to date, defendant has failed to pay for any of the damages. Rec. Doc.1 at 4 ¶¶ 12–13. Plaintiffs contend it is "entitled to recover for all amounts due under the policy that remain unpaid, including amounts needed to repair the dwelling and other structures, as well as damages to the contents of the home, debris removal, temporary repairs and mitigation expenses, expenses incurred due to the enforcement of any ordinance or law, expenses incurred for loss of use, and any other relevant

1

Case 3:25-cv-00061-JWD-SDJ    Document 18    01/17/25    Page 2 of 4


coverage, less any prior payments and any applicable deductible." *Id.* at 5 ¶ 17. In this suit, plaintiffs assert penalties for fifty percent (50%) of the amount due, reasonable attorney's fees and costs, as well as mental anguish suffered. *See* Rec. Doc. 7-8.

After complying with the requirements of the Eastern District of Louisiana's Streamlined Settlement Program of the Hurricane Ida Case Management Order, this case remained unresolved and returned to the district court docket. *See* Rec. Doc. 12. Over a year after filing this lawsuit, plaintiffs filed the instant motion to transfer venue on November 20, 2024. Rec. Doc. 14-1 at 1.

## **LAW AND ANALYSIS**

Following the submission deadline, and a lack of response from the defendant, the instant motion is deemed unopposed, and subject to being granted if it has merit.

A district court may transfer a civil case "[f]or the convenience of parties and witnesses, in the interest of justice to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A threshold inquiry in determining whether transfer is appropriate or not, is whether the case could have been brought in the transferee district. Venue is governed by 28 U.S.C. § 1391(b) which provides that a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Under the three prongs of § 1391(b), § 1391(b)(2) is applicable here. The cause of action arises out of Iberville Parish where the home of the plaintiffs was damaged by Hurricane Ida. Rec. Doc. 14-1 at 2. Because the alleged damage occurred in the MDLA and forms the basis for this action, plaintiffs' correctly argue that subsection (b)(2) authorizes the venue in the latter District.

Additionally, courts must evaluate "all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.". *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 766 (5th Cir. 2016); *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). The private interest factors relevant to a courts evaluation include: (1) access to sources of proof; (2) the availability of process to compel the presence of unwilling witnesses; (3) the costs to witnesses of appearing; and (4) any other practical considerations affecting the ease and expense of trial. *In re Volkswagen of Am., Inc.*, 506 F.3d 376, 380 (5th Cir. 2007) (en banc) (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)). The public interest factors include: (1) judicial economy (2) the local interest in having localized interest decided by the forum (3) forum familiarity with the law at issue; and (4) problems arising from conflicts of law. *Id.* As the defendant has not argued to the contrary, it must be assumed that the MDLA would favor the private and public interest factors, in this matter.

Here, plaintiffs reside in the MDLA, the damaged property is located in the MDLA, and as most witnesses are probably located in that area, the MDLA would be the more convenient forum. The motion should be granted subject to retention of jurisdiction in this Court to consider a possible abuse of process issue. Plaintiffs' unreasonable delay in bringing the venue issue and use of this Court's Hurricane Ida settlement program are disconcerting.

Therefore, no later than January 28, 2025, plaintiffs shall show cause in writing why sanctions should not be imposed.

New Orleans, Louisiana, this 16th day of January, 2025

_____
SENIOR UNITED STATES DISTRICT JUDGE